**Joseph M. LUTZ; Cindy Lutz**

v.

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; Metlife**

**Joseph M. Lutz; Cindy Lutz, husband and wife, Appellants.**

**No. 08–3943.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 25, 2009.

Filed: Oct. 8, 2009.

Susan N. Williams, Esq., Greensburg, PA, for Appellants.

William J. Rogers, Esq., Thomson, Rhodes & Cowie, Pittsburgh, PA, for Metlife.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Joseph M. Lutz and Cindy Lutz (the "Lutzes") appeal from an order of the District Court granting a motion to dismiss filed by Philips Electric North America ("Philips") and Metlife for failure to comply with the applicable statute of limitations. We will affirm.

### I.

We write exclusively for the parties who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Joseph M. Lutz began his employment with Philips on August 2, 2001.[1] Shortly thereafter, Mr. Lutz was hospitalized and underwent back surgery. After exhausting his twenty-six weeks of short-term dis-

ability benefits, Mr. Lutz applied and was approved for long-term disability benefits under a Long Term Disability Plan offered by Phillips and administered by Metlife. The terms and methodology of benefit calculation were included in Mr. Lutz's notification of benefits. According to the Lutzes' complaint, Mr. Lutz noticed an "incorrect calculation of his long term disability benefits" and accordingly complained to Philips and Metlife on "repeated occasions beginning [on] August 23, 2002." (App.16). The Lutzes filed suit in state court on August 6, 2007, alleging negligence and breach of contract arising out of the underpayment of benefits under the disability plan. Philips and Metlife removed the case to the District Court on the basis of ERISA preemption of the state law claims. The District Court entered an order dismissing the suit with prejudice on August 20, 2008, 2008 WL 3914840, for failure to comply with the applicable statute of limitations. This timely appeal followed.

### II.

■ We exercise plenary review of the District Court's grant of a motion to dismiss. *Maio v. Aetna, Inc.,* 221 F.3d 472, 481 (3d Cir.2000). The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over the District Court's order under 28 U.S.C. § 1291.

### III.

The Lutzes argue that the District Court erred in granting the defendants' motion to dismiss because it applied the incorrect statute of limitations to their claim, which both parties agree is governed by ERISA. The Lutzes also argue

---

1. Mr. Lutz was initially hired as an employee of Agilent Technologies, which was subsequently acquired by Philips. Philips acknowledges in its brief that, for purposes of this appeal, Mr. Lutz's employment with Philips dates back to his initial employment with Agilent. (Philips Br. at 4–5).

that the District Court erred in denying their motion for leave to amend their complaint to include a claim for breach of fiduciary duty.

### A.

■ The Lutzes originally brought claims against Phillips and Metlife for negligence and breach of contract stemming from underpayment of benefits from the Long Term Disability Plan offered by Phillips and administered by Metlife. As the District Court held, these state law claims are preempted by ERISA. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Therefore, the statute of limitations applicable to the Lutzes' claims is governed by ERISA.

■ ERISA grants beneficiaries of benefit plans the ability to recover benefits due, enforce rights under the plan, or clarify a right to future plan benefits under 29 U.S.C. § 1132(a)(1)(B). Section 1132 does not contain its own statute of limitations, so this Court has previously looked to the statute of limitations for the most analogous state law claim in order to determine the appropriate limitations period. *See, e.g., Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir.1992). "The statutory limitation most applicable to a claim for benefits under Section 1132(a)(1)(B) is a breach of contract claim. In Pennsylvania, a breach of contract claim has a statute of limitations of four years." *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305–06 (3d Cir.2008) (citing 42 Pa. Cons.Stat. Ann. § 5525(a)(8)). Thus, the relevant statute of limitations in this case is four years.

The Lutzes argue that the statute of limitations did not begin to run on their underpayment claims until the date "in-house counsel for MetLife acknowledged the inaccurate benefit calculation." (Lutz Bl. Br. at 14). This argument is contrary to law.

■ The "statute of limitations begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007). We also held in *Miller* that a cause of action for unpaid benefits accrues when there has been "a repudiation of the benefits by the fiduciary which was clear and made known [to] the beneficiary." *Id.* at 520–21. Underpayment of a benefit constitutes a repudiation of full benefits and triggers the statute of limitations. *Id.* at 521 ("[A]n underpayment can qualify as a repudiation because a plan's determination that a beneficiary receive less than his full entitlement is effectively a partial denial of benefits. Like a denial, an underpayment is adverse to the beneficiary and therefore repudiates his rights under a plan.").

■ Under our reasoning in *Miller*, the Lutzes' ERISA claim accrued on August 23, 2002, when the Lutzes began their "repeated" complaints about the incorrect calculation of benefits. Though the Lutzes argue that the statute of limitations does not run until a party has or should have discovered the injury, there can be no question that the Lutzes had "discovered the injury that forms the basis of [their] claim" as of the date they first brought that injury to the attention of Philips and Metlife.[2] *Id.* at 520. The Lutzes' four-year statute of limitations for bringing suit for underpayment of disability benefits thus expired on August 23, 2006, nearly a year

---

2. The Lutzes also suggest that the question of when the injury was discovered is a question of fact that must be resolved by a jury. (Lutz Bl. Br. at 14). Because the Lutzes' own complaint established that they knew of their injury more than four years before they filed suit, the District Court appropriately found no factual dispute left for jury determination.

prior to the filing of this suit on August 6, 2007.

The Lutzes further propose that, even if a four-year statute of limitations applies to their claims, principles of equitable estoppel should permit them to proceed in the face of that limitation. The Lutzes contend that Philips and Metlife should be estopped from asserting the statute of limitations as a defense because the Lutzes relied on alleged misrepresentations made by Philips and Metlife concerning whether the benefits were correctly calculated. Purportedly as a result of these misrepresentations, the Lutzes did not file suit within the applicable statute of limitations.

A plaintiff seeking equitable relief from a statute of limitations must establish (1) a material misrepresentation or fraudulent concealment, (2) reasonable and detrimental reliance upon the misrepresentation or concealment, and (3) extraordinary circumstances. *Pell v. DuPont*, 539 F.3d 292, 300 (3d Cir.2008). When equitable estoppel is established, "the statute of limitations is tolled until the plaintiff knew or using reasonable diligence should have known of the claim." *Bohus v. Beloff*, 950 F.2d 919, 925–26 (3d Cir.1991).

Without engaging whether Philips or Metlife made any material misrepresentations, the Lutzes' equitable estoppel argument must fail. A defendant is only estopped from asserting a statute of limitations defense when its conduct "would divert or mislead the plaintiff from discovering the injury." *Id.* at 925. As we have already observed, the Lutzes discovered their injury as of August 23, 2002. A successful equitable estoppel argument cannot toll the statute of limitations beyond the date of a plaintiff's actual knowledge of the injury giving rise to his claim. *Id.* at 925–26.

Because the Lutzes' suit was not filed within the four-year period set by the statute of limitations, the District Court cor-rectly held that it was barred by the four-year statute of limitations.

### B.

Finally, the Lutzes argue the District Court erred in refusing to grant them leave to amend their complaint to include a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B). Although leave to amend a complaint under Rule 15(a) should be liberally granted, we have held that such leave should not be permitted where an amendment to the complaint would be futile. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1278 (3d Cir.1994).

The ERISA provision authorizing actions to recover for "a fiduciary's breach of any responsibility, duty, or obligation" contains an explicit statute of limitations. 29 U.S.C. § 1113. Such actions must be filed within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation...." *Id.* The Lutzes claim that they were injured by the alleged breach of fiduciary duty in the form of underpayment of benefits. As discussed above, the Lutzes had actual knowledge of this alleged breach as of August 23, 2002, when they first complained of the underpayment. The three-year statute of limitations for filing the breach of fiduciary duty action thus expired on August 23, 2005, nearly two years before this action was filed on August 6, 2007. Therefore, the District Court correctly held that an amendment to the complaint alleging breach of fiduciary duty would have been futile.

### IV.

For the foregoing reasons, we will affirm the order of the District Court.