CLD-071                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3962
_____

GREER RAYMOND,
Appellant

v.

BARRY CALLEBAUT, U.S.A., LLC; BARRY CALLEBAUT AG;
COCOA BARRY U.S., INC., Individually and Severally
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-02368)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 15, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Greer Raymond, proceeding pro se, appeals from an order of the United States

District Court for the District of New Jersey dismissing her amended complaint filed

pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002

et seq., with prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. Raymond worked for Appellees from June 1991 until May 1997. During this time, she contributed to both a 401(k) employee benefit plan and a general pension plan. In 1997, she received a notice of a distribution of her plan benefits and a notice of taxes due from the Internal Revenue Service ("IRS"). According to Raymond, she did not receive the distribution from her 401(k) plan, despite Appellees' report that she had received $9,348.71 after $1,875.25 was withheld for taxes.

Plaintiff originally filed a complaint against Appellees in the Superior Court of Burlington County, New Jersey, on March 7, 2011. Appellees removed the action to the District Court on April 26, 2011 and filed a motion to dismiss on May 3, 2011. On September 15, 2011, the District Court granted Appellees' motion to dismiss but allowed Raymond leave to file an amended complaint within thirty days. Raymond filed her amended complaint on September 15, 2011, and Appellees filed a motion to dismiss on September 28, 2011. The District Court administratively terminated the motion to dismiss and ordered Raymond to file a submission clarifying the bases for her claims by July 3, 2012. Raymond filed an affidavit on July 2, 2012, and Appellees filed another motion to dismiss on July 17, 2012. On September 14, 2012, the District Court dismissed Raymond's amended complaint with prejudice, determining that her claim had accrued in

1997 and that it was time-barred under the applicable six-year statute of limitations. Raymond then timely filed her notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

In her affidavit, Raymond seeks the return of her 401(k) money along with any interest she would have earned had the money remained in her 401(k) account. Accordingly, the District Court properly analyzed her complaint under 29 U.S.C. § 1132(a)(1)(B), which allows a plan participant to bring a civil action " to recover benefits due to him under the terms of his plan." Appellees raised a statute of limitations defense in its motion to dismiss Raymond's second complaint, and Raymond herself, in both her

3

amended complaint and affidavit, asked the District Court for an injunction to bar Appellees from arguing that her claims were time-barred.

ERISA does not set any limitations period for non-fiduciary claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Generally, when Congress omits a statute of limitations for a federal cause of action, courts "'borrow' the local time limitation most analogous to the case at hand." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991). Accordingly, we will "apply the statute of limitations for the state claim most analogous to the ERISA claim pursued." Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir. 1992).

The "statutory limitation most applicable to a claim for benefits under Section 1132(a)(1)(B) is a breach of contract claim." Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008). In New Jersey, the limitations period for "recovery upon a contractual claim or liability" is six years. N.J. Stat. Ann. § 2A:14-1. However, "the accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period." Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520 (3d Cir. 2007). When there is no controlling federal statute, the discovery rule for accrual applies. See id. "In the ERISA context, the discovery rule has been 'developed' into the more specific 'clear repudiation' rule whereby a non-fiduciary cause of action accrues . . . when a beneficiary knows or should know he has a cause of action." Id. at 520-21.

4

We agree with the District Court that Raymond's amended complaint and affidavit establish that her claim under § 1132(a)(1)(B) accrued in 1997. Raymond alleges that in 1997, she received notice of the distribution of her 401(k) funds from the Internal Revenue Service ("IRS") but that she never received the funds. Furthermore, Raymond's own exhibits confirm that her claim is based upon an allegedly improper liquidation of her 401(k) account in 1997. Under New Jersey's six-year limitations period, Raymond had until 2003 to file her § 1132(a)(1)(B) claim; however, she did not do so until March 7, 2011, when she first filed her complaint in Superior Court. Accordingly, we agree that Raymond's § 1132(a)(1)(B) claim is time-barred.

Raymond's amended complaint and affidavit both allege that Appellees mismanaged and neglected their fiduciary duties with respect to her 401(k) plan. As we must read her amended complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we will consider whether Raymond's complaint states a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).[1] The statute of limitations for such an action runs from the earlier of:

---

[1] The District Court did not address Raymond's amended complaint and affidavit as asserting a claim under § 1132(a)(3). However, to the extent the District Court thereby erred, the error is harmless because, as discussed below, Raymond's claim is barred by the statute of limitations applicable to such claims. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987).

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.[2]

29 U.S.C. § 1113; see also Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1551 (3d Cir. 1996) ("This section thus creates a general six year statute of limitations shortened to three years in cases where the plaintiff has actual knowledge of the breach, and potentially extended to six years from the date of discovery in cases involving fraud or concealment.").  Under § 1113(2), actual knowledge "requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts . . ., knowledge of a transaction's harmful consequences . . ., or even actual harm."  Gluck, 960 F.2d at 1177 (internal citations omitted).  Here, again, Raymond had actual knowledge of the alleged breach of duty in 1997, when she did not receive her 401(k) benefits even after receiving notice from the IRS that they had been distributed.  Accordingly, because she had until 2000 to file any such § 1132(a)(3) claim, her claim is time-barred.

---

[2] However, if a claim alleges breach of fiduciary duty based upon fraud or concealment, "such action may be commenced not later than six years after the date of discovery of such breach or violation."  29 U.S.C. § 1113.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6. Raymond's motion for oral argument is denied.