18-1827-cv
*Pasini v. Godiva*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of April, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           ROBERT D. SACK,
                     *Circuit Judges.*

---

JOAN PASINI,

                 *Plaintiff-Appellant*,                          18-1827-cv

           v.

GODIVA CHOCOLATIER, INC., DBA GODIVA,

                 *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Chant Yedalian, CHANT & COMPANY,
                                      Glendale, CA.


**FOR DEFENDANT-APPELLEE:**           Brian Melendez, BARNES & THORNBURG
                                      LLP, Minneapolis, MN.


Appeal from a May 21, 2018 order of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Joan Pasini ("Pasini") appeals from an order of the District Court granting in part and denying in part her motion for attorneys' fees and costs. Pasini contends that the District Court abused its discretion by reducing the hourly rates of both her lead and local counsel and applying across-the-board reductions to their compensable hours. Pasini further contends that the District Court erred denying reimbursement for lead counsel's fees and costs accrued while travelling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's fee award for abuse of discretion. "Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265–66 (2d Cir. 2014) (internal quotation marks omitted). "Indeed 'abuse of discretion'—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted).

Pasini first argues that the District Court erred in reducing the hourly rates of her attorneys. A district court has discretion to determine a reasonable hourly rate based on considerations such as the complexity of the case, the prevailing rates in similar cases in the district, and the quality of representation. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012). Where a fee application is excessive, we have held that a district court may exercise its discretion to "use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks omitted). We have further noted with approval that "district courts in our Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014).

In this case, the District Court properly considered and explained the relevant factors and, on the basis of that consideration, reached a conclusion regarding reasonable hourly rates for both lead and local counsel. The District Court's determination that $350 per hour and $275 per hour were reasonable rates for lead counsel and local counsel, respectively, in this exceedingly straightforward matter, was a proper exercise of its discretion. The District Court similarly acted within its discretion in imposing across-the-board reductions of compensable hours in light of the pervasive errors and exaggerations in the fee application. Such deficiencies include grossly inflating the number of hours worked, such as billing over five hours for drafting a complaint that was overwhelmingly duplicated from another case, or billing over one-third of the total hours claimed for work on the instant fee application. Other errors included vague or duplicative entries. In light of the excessive and inflated fees requested by counsel, we conclude that the District Court acted

within its discretion by imposing significant across-the-board reductions to counsels' compensable hours.

Finally, we conclude that the District Court acted within its discretion in denying fees and associated costs to lead counsel's travel. Defendants should not be burdened with the costs of funding out-of-district counsel unless the case requires specialized expertise beyond the competence of local counsel. *Cf. Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009) (holding that only very limited circumstances would "justify the 'reasonable' selection of out-of-district counsel, and the concomitant payment of out-of-district rates"); *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3rd Cir. 2008) ("[U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel." (internal quotation marks omitted)). In this case, there was no reason local counsel could not attend the initial status conference instead of lead counsel from California.

## CONCLUSION

We have reviewed all of the arguments raised by Pasini on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3