# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 13-30051
Summary Calendar

Lyle W. Cayce
Clerk

TROY McGOWAN,

Plaintiff–Appellant

v.

NEW ORLEANS EMPLOYERS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO PENSION FUND,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-cv-00990

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Troy McGowan filed suit against his pension plan following the termination of his disability pension benefits. The district court granted summary judgment in favor of the plan because McGowan failed to timely exhaust his administrative remedies, as required by the plan.  McGowan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30051

appealed on multiple grounds. For the reasons that follow, we affirm the district court's grant of summary judgment.

## I. Factual and Procedural Background

Plaintiff–Appellant Troy McGowan ("McGowan") worked as a longshoreman covered by a plan of benefits ("the Plan") administered by Defendant–Appellee New Orleans Employers International Longshoremen's Association, AFL-CIO Pension Fund ("the Fund"). McGowan was injured while winding up the landing gear on a container and subsequently qualified for disability benefits under the Plan effective December 2003.

The parties do not dispute that the Plan is an employee pension benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2)(A)(i). The Plan contains the following terms and conditions that are relevant to McGowan's claims:

- "Disability means a physical or mental condition that permanently prevents an Employee from working in Employment in the Industry."

- "A Disability Pension . . . will terminate upon the happening of any of the following . . . (ii) ceasing to be Disabled or engaging in gainful employment other than for purposes of rehabilitation on a nominal wage basis[.] . . . If Disability Pension benefits are terminated, the Board will provide written notice by first class mail or personal delivery to the affected Qualified Pensioner, . . . setting forth the reasons for termination and an explanation of the right to file a written claim for review . . . ."

- "Within 180 days after receipt of an adverse benefit determination . . . the claimant or his representative may appeal the determination by making a written request for review to the board[.]"

2

No. 13-30051

- "If a timely written request for review is not made, the initial decision on the claim will be final."

- "[A]n initial decision on a claim under the Plan that is not timely appealed[] will be conclusive, final and binding on all persons."

- "In no event may legal action be brought by or on behalf of any individual to receive benefits under the Plan unless the individual . . . has first fully complied with and timely exhausted the Claims and Claims Review Procedures under the Plan."

On April 18, 2011, McGowan spoke with Thomas Daniel ("Daniel"), the Plan's Administrative Manager. During the course of this discussion, it was suggested that McGowan may have returned to gainful employment and that disability benefits would be terminated if that was the case. Two days later McGowan received a letter notifying him that his benefits would be terminated effective April 30, 2011, on the basis that McGowan had returned to work and was thus no longer disabled. In addition to explaining the decision, the letter included the following language regarding McGowan's ability to contest the determination: "Your post-appeal rights are set forth on pages 36-39 of the enclosed Summary Plan Description booklet. Please note your right to pursue legal action under Section 502(a) of ERISA. The limitation period is one (1) year from today." A booklet explaining the terms of the Plan accompanied the letter. Pages 36–39 of the booklet contained language explaining that McGowan had 180 days to file a written request for review.

McGowan concedes that he did not file a written appeal within 180 days of the April 20, 2011 letter. He does claim, however, that he called Daniel "to discuss the notice and [to] notif[y] him of his intent to appeal." The Fund received two letters thereafter. The first letter was sent on September 12, 2011

3

by an attorney who claimed to be assisting McGowan in his attempt to return to work as a longshoreman. Approximately ten months after receiving the termination of benefits letter, on February 9, 2012, the Fund received a second letter from a different attorney. The second letter requested a reevaluation of McGowan's eligibility for disability benefits.

On April 18, 2012, McGowan filed suit against the Fund, challenging the termination of his disability benefits. While McGowan's suit was pending, the Fund held a hearing to evaluate the timeliness of McGowan's appeal, as well as the underlying issue of disability, in response to the February 9, 2012 letter. On September 12, 2012, the Fund issued a final determination that denied McGowan's claims. Specifically, the Fund found that (1) "No written appeal was filed by Mr. McGowan or his counsel within the 180-day period established by the Plan[;]" (2) "The 'appeal' lodged by Mr. McGowan's second counsel . . . was clearly untimely[;]" and (3) "Even if the February 9, 2012 letter constituted a timely appeal, the facts developed clearly confirm . . . that [McGowan] was able to work as a longshoreman and that he had been working as a longshoreman since 2009." The district court granted summary judgment in the Fund's favor on October 15, 2012, holding that McGowan had failed to timely exhaust his administrative remedies. McGowan appealed.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, because McGowan appeals the district court's final judgment. On appeal, this Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *Greater Hous. Small Taxicab Co. Owners Ass'n v. City of Hous.*, 660 F.3d 235, 238 (5th Cir. 2011). Summary judgment is warranted when the movant shows that there is no genuine dispute over any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is not enough to simply claim a fact is disputed; such an assertion must be supported by argumentation and citations to the record. Fed. R. Civ. P. 56(c)(1)(A)–(B).

## III. Analysis

### A.     Sufficiency of the Termination Notice

McGowan argues that the 180-day period did not begin to run when he received the termination letter because the termination letter did not substantially comply with the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, which govern the content of ERISA notices. The Fund was required to provide McGowan with "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of [ERISA] following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1(g)(1)(iv). Strict compliance with ERISA is not necessary, however. Fifth Circuit precedent makes clear that substantial compliance will suffice to trigger the running of the administrative appeal period. *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005).

The termination letter that McGowan received included a copy of the Plan and stated that McGowan's "post-appeal rights are set forth on pages 36-39 of the enclosed Summary Plan Description booklet." Pages 36–39 of the booklet describe the Plan's claim procedures, inform beneficiaries of their right to seek review of the adverse determination, and specifically state a 180-day limit for submitting a written request for review. The termination letter further notified McGowan of his right to file suit under ERISA. The content of

the termination letter thus substantially complied with § 2560.503-1(g)(1)(iv). While the letter itself did not explicitly state that McGowan had 180 days to file a written appeal, it incorporated that information by specifically identifying the pages on which the 180-day rule was located. Moreover, a copy of the benefit booklet was included with the letter. Because the termination letter also mentioned McGowan's right to file suit under § 502(a) of ERISA, as well as the one-year time limit, the district court correctly found that the termination letter substantially complied with § 2560.503-1(g)(1)(iv). Therefore, the 180-day period began to run when McGowan received the termination letter.

**B.     Timely Exhaustion of Administrative Remedies**

Because the termination letter substantially complied with the relevant regulation, McGowan had 180 days from receipt of the letter to file a written request for review. As the Plan clearly states, a determination "that is not timely appealed[] will be conclusive, final and binding on all persons." In order to challenge the Fund's determination in court, McGowan must show that he timely exhausted the administrative remedies available.

McGowan concedes that he did not file a written request for review within the 180-day period provided by the Plan. He claims instead that he orally notified Daniel of his intent to appeal the termination in a phone call that took place a few days after he received the letter. As the Plan makes abundantly clear, however, oral notification does not suffice. Beneficiaries seeking review of a determination must make "a written request for review to the Board" within 180 days of receiving the adverse benefit determination. Since McGowan failed to do so, his termination of benefits became final and binding.

No. 13-30051

In an attempt to salvage his claim, McGowan contends that the hearing held in 2012, prior to the district court's summary judgment determination, remedied his failure to timely exhaust administrative remedies because the merits of his claim were considered.  McGowan, however, provides no argumentation or authority in support of this proposition.  Furthermore, the Fund's decision to evaluate the timeliness of McGowan's appeal at a hearing where McGowan's employment history was also discussed does not remedy McGowan's failure to exhaust.  The hearing was held in response to McGowan's February 9, 2012 letter, a written request for review that was submitted ten months after McGowan received the termination letter; and the primary purpose of the hearing was to evaluate the timeliness of McGowan's appeal.  As the Fund stated in its final determination: "No written appeal was filed by Mr. McGowan or his counsel within the 180-day period established by the plan." McGowan thus did not appeal the termination of benefits within the time allotted; the subsequent hearing did not remedy McGowan's default. Therefore, we affirm the district court's grant of summary judgment for failure to timely exhaust administrative remedies.

## C.    Daniel's Authority as Administrator

McGowan's last argument alleges that an ambiguity exists as to whether Daniel, the Plan's Administrative Manager, was acting within the scope of his authority when he determined that McGowan's disability benefits should be terminated.  McGowan raises this argument in order to void the termination of his disability benefits.  We do not reach this issue, however, because McGowan is foreclosed from challenging the termination because he did not timely exhaust his administrative remedies, as explained above.  *See Coop. Benefit Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 336 (5th Cir. 2004) (denying a claim for benefits when the pensioner failed to timely exhaust available

administrative remedies); *Bourgeois v. Pension Plan for the Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) ("This court requires that claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."). McGowan could have challenged Daniel's authority as part of the administrative review procedure. Having failed to timely pursue administrative review, McGowan is barred from raising this claim.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment for the Fund.