RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0176p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

---

JOSEPH MOYER,

*Plaintiff-Appellant,*

v.

No. 13-1396

METROPOLITAN LIFE INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:12-cv-10766—Gershwin A. Drain, District Judge.

Decided and Filed:  August 7, 2014

Before:  COOK and STRANCH, Circuit Judges; CARR, District Judge.[*]

---

### COUNSEL

**ON BRIEF:**  David B. Grant, GRANT BUSCH & KIRSCHNER, Southfield, Michigan, for Appellant.  David M. Davis, HARDY, LEWIS & PAGE, P.C., Birmingham, Michigan, for Appellee.

STRANCH, J., delivered the opinion of the court, in which CARR, D.J., joined.  COOK, J. (pp. 8–10), delivered a separate dissenting opinion.

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

---

**OPINION**

---

STRANCH, Circuit Judge.  Joseph Moyer, an ERISA plan participant, appeals the district court's dismissal for untimeliness of his action against the plan's claim administrator, Metropolitan Life Insurance Company (MetLife), seeking recovery of unpaid ERISA plan benefits.  Because MetLife failed to include notice of the time limits for judicial review in its adverse benefit determination letter, we REVERSE.

## I.  Background

As an employee of Solvay America, Inc., Moyer participated in Solvay's ERISA-governed Long Term Disability Plan.  When Moyer applied for disability benefits in 2005, MetLife initially approved his claim, but reversed its decision in 2007 after determining that Moyer retained the physical capacity to perform work other than his former job.  Moyer filed an administrative appeal, and MetLife affirmed the revocation of benefits on June 20, 2008.  Moyer's adverse benefit determination letter included notice of the right to judicial review but failed to include notice that a three-year contractual time limit applied to judicial review.  The Summary Plan Description (SPD) failed to provide notice of either Moyer's right to judicial review or the applicable time limit for initiating judicial review.

On February 20, 2012, Moyer sued MetLife, seeking recovery of unpaid plan benefits under 29 U.S.C. § 1132(a)(1)(B).  MetLife moved to dismiss, arguing that the plan's three-year limitations period barred Moyer's claim.  The district court agreed, noting that the plan documents—which were not sent to plan participants unless requested—stated in the Claims Procedure section of the plan that there was a three-year limitations period for filing suit.  It concluded that MetLife provided Moyer with constructive notice of the contractual time limit for judicial review.  Moyer now appeals, requesting equitable tolling.

## II.  Analysis

We review de novo the district court's holding that the plan's contractual limitations period barred Moyer's claim under § 1132(a)(1)(B).  *See Fallin v. Commonwealth Indus., Inc.*, 695 F.3d 512, 515 (6th Cir. 2012).

Courts uphold contractual limitations periods embodied in ERISA plans as long as the period qualifies as "reasonable."  *Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008).  Here, the administrative record contains a plan document of approximately 50 pages that includes a section on Claims Procedure providing that "[n]o lawsuit may be started more than 3 years after the time proof [of a claim] must be given."  R. 12-4, Long Term Disability Plan, Page ID 1065.  Past decisions of this court have upheld as reasonable similar three-year limitations periods.  *See Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009); *Med. Mut. of Ohio*, 548 F.3d at 390–91; *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 301–02 (6th Cir. 2006).  This time limit for seeking judicial review was not provided to Moyer in the correspondence revoking his benefits or in the SPD.

### A.  Adverse Benefit Determination Letter

Being unaware of the contractual time limit, Moyer filed his complaint late.  He asks us to toll the filing deadline, alleging that MetLife breached its obligations under ERISA by failing to include in his benefit revocation letter the time limit for seeking judicial review.  We agree with Moyer that on the date his revocation letter was sent, it was required to include the time limit for judicial review.  We turn to the ERISA "Claims procedure" statute, 29 U.S.C. § 1133, to explain why.

The dissent argues that we may not examine the requirements for claim-denial letters because Moyer's arguments failed to specifically reference that statute and that regulation.  We do not see our review as so narrowly circumscribed.  Moyer argues in his brief, as he did before the district court, that MetLife's correspondence with him—including specifically the adverse benefit determination letter—was required to include the time limits for judicial review.  The issue, therefore, was properly raised and we may consider the relevant arguments, including application of the appropriate ERISA provisions.

ERISA § 1133 governs adverse benefit determination letters. It explicitly authorizes the Secretary of Labor to establish regulations explaining the meaning of the statute and requires that the statute be applied "[i]n accordance with regulations of the Secretary." 29 U.S.C. § 1133; *see Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996). The regulations require that benefit denial letters provide: "[a] description of the plan's review procedures and the time limits applicable to such procedures, *including* a statement of the claimant's right to bring a civil action . . . following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1 (emphasis added). The claimant's right to bring a civil action is expressly included as a part of those procedures for which applicable time limits must be provided.

Cases of and in our sister circuits support this conclusion. *See Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680 (1st Cir. 2011) ("[The employer] was required by [29 C.F.R. § 2560.503–1(g)(1)(iv)] to provide [the employee] with notice of his right to bring suit under ERISA, *and the time frame for doing so*, when it denied his request for benefits." (emphasis added)); *McGowan v. New Orleans Empl'rs Int'l Longshoremen's Ass'n*, 538 F.App'x 495, 498 (5th Cir. 2013) (finding that a benefit termination letter substantially complied with 29 C.F.R. § 2560.503–1(g)(1)(iv) because, in addition to enclosing the benefit booklet and specifying the pages containing the review procedures and time limits, the letter "mentioned McGowan's right to file suit under § 502(a) of ERISA, as well as the one-year time limit"); *White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240, 247 n.2 (4th Cir. 2007) (emphasizing that the right to bring a civil action is an integral part of a full and fair benefit review and that the adverse benefit determination letter must include the relevant information related to that right) (abrogated on other grounds by *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013)); *see also Novick v. Metropolitan Life Ins. Co.*, 764 F.Supp.2d 653, 660–64 (S.D.N.Y. 2011) (concluding that 29 CFR § 2560.503–1(g) requires that the adverse benefit determination letter include the time limits for judicial review); *Solien v. Raytheon Long Term Disability Plan #590*, No. CV07-456 TUC DCB, 2008 WL 2323915, at *8 (D. Ariz. June 2, 2008) (holding that "[j]udicial review is an appeal procedure for an adverse benefit determination and is therefore a part of the claim procedures covered by these regulations, especially when the time limit for filing a judicial action is established contractually by the Plan").

Our recent opinion in *Engleson v. Unum Life Insurance Company of America* supports this conclusion as well.  723 F.3d 611 (6th Cir. 2013).  In *Engleson*, the plaintiff claimed that the insurance company "was required to disclose his right to seek review in federal court and the contractual time limitation attached to that right in its claim denial letters." *Id*. at 617.  *Engleson* held that such notice was not required for that plaintiff but added that the regulations were different now, and "[h]ad these events transpired a year later, [the plaintiff] would have a colorable ERISA violation." *Id*. at 618.  The version of the regulations that *Engleson* held would have given rise to a colorable ERISA violation claim is the version in force in this case. *Engleson* also noted that the Fourth Circuit's opinion in *White*, 488 F.3d at 247 n.2, suggests this same conclusion—that "the scope of § 1133 and the notice derived therefrom includes *both* internal and judicial mechanisms for review." *Engleson*, 723 F.3d at 618–19.  *Engleson* did not follow *White*, however, because "Unum was under no regulatory obligation" at that time. *Id*.

MetLife was subject to the regulatory obligation recognized in *Engleson* and *White* when it revoked Moyer's benefits;  its failure to include the judicial review time limits in the adverse benefit determination letter renders the letter not in substantial compliance with §1133.  As part of our substantial compliance analysis, we consider whether the adverse benefit determination letter fails to fulfill the purposes of §1133 "that the claimant be notified of the reasons for the denial of the claim and have a fair opportunity for review." *Kent*, 96 F.3d at 807.

Relying on language from *Wenner v. Sun Life Assurance Co. of Canada*, 482 F.3d 878, 882 (6th Cir. 2007), the dissent contends that the purpose of §1133 is limited to assuring review by the plan fiduciary.  But that statement in *Wenner* was bound to its facts—that the adverse benefit determination letter failed to provide the plaintiff information on his right to have the benefit decision reviewed by the named fiduciary. *Id*.  It does not discount the statutory and regulatory language that applies to judicial review. *Wenner*, moreover, also properly stated the general purpose of §1133 by noting, "[a]s this court has repeatedly said, the purpose of § 1133 is to 'notify[ ] Plaintiff of [the plan administrator's] reasons for denying his claims and affording him a fair opportunity for review.'" *Id*. (quoting *Moore v. LaFayette Life Ins. Co*., 458 F.3d 416, 436 (6th Cir. 2006)).  Substantial compliance entails provision of all that is necessary to

satisfy the purpose of §1133—notice of the reasons for denial and a fair opportunity for the type of review that is appropriate under the particular facts of the case.

Our sister circuits apply this general statement of the purpose of §1133 when analyzing substantial compliance and, where applicable to the facts of the case, specifically note that part of the purpose of §1133 is to ensure effective judicial review. *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1086 (8th Cir. 2009) ("One of the purposes of § 1133 is to provide claimants with sufficient information to prepare adequately for any further administrative review or for an appeal to the federal courts."); *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 235 (4th Cir. 2008) ("The purpose of the ERISA mandated appeal process is an important one. That process enables a claimant who is denied benefits to have an impartial administrative review, but also make an administrative record for a court review if that later occurs."); *Brogan v. Holland*, 105 F.3d 158, 165 (9th Cir. 1997) ("To substantially comply with the regulation, the Trustees must have supplied the beneficiary with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review." (internal quotation marks omitted)).

The exclusion of the judicial review time limits from the adverse benefit determination letter was inconsistent with ensuring a fair opportunity for review and rendered the letter not in substantial compliance. Moreover, "[a] notice that fails to substantially comply with these [§ 1133] requirements does not trigger a time bar contained within the plan." *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107 (2d Cir. 2003).

Where an insurance company's failure to comply with the procedural requirements of §1133 represents a "significant error on a question of law," a related claim should be remanded to the appropriate body for review. *VanderKlok v. Provident Life & Acc. Ins. Co., Inc.*, 956 F.2d 610, 616–17 (6th Cir. 1992); *see also McCartha v. Nat'l City Corp.*, 419 F.3d 437, 444 (6th Cir. 2005) ("If the denial notice is not in substantial compliance with § 1133, reversal and remand to the district court or to the plan administrator is ordinarily appropriate."). Moyer was denied his right to judicial review as a result of MetLife's failure to comply with §1133. The appropriate remedy is to remand to the district court so that Moyer may now receive judicial review.

**B.  Summary Plan Description**

Moyer also claims that MetLife breached 29 U.S.C. §1022 by failing to include notice of the right to judicial review and the applicable time limit in the SPD.  We need not address this issue because we have already established that MetLife's inadequate adverse benefit determination letter requires that the district court hear Moyer's benefit appeal.

### III.  Conclusion

We accordingly REVERSE and REMAND to the district court to consider Moyer's judicial appeal of his adverse benefit determination.

---

**DISSENT**

---

COOK, Circuit Judge, dissenting.  In reversing the district court, the majority decides an unargued and unpreserved issue.  Contrary to the majority's characterization of his argument, Moyer nowhere contends that the claim-denial letter violated 29 U.S.C. § 1133.  Indeed, Moyer's brief neither mentions the legal requirements for claim-denial letters nor cites § 1133 or its implementing regulation, 29 C.F.R. § 2560.503-1.  In both the district court and on appeal, Moyer rested his argument on 29 U.S.C. § 1022—the statute that governs summary plan descriptions—referring to the claim-denial letter only in passing.  MetLife thus had no reason to respond to arguments under § 1133, and the district court never considered § 1133.  The majority nevertheless interprets that statute to require claim-denial letters to include a warning setting forth the time limit for bringing a civil action under ERISA.

Ample authority counsels against the majority's approach.  "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."  *Greenlaw v. United States*, 554 U.S. 237, 243 (2008); *accord Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research . . . .").  And in the argument-forfeiture context, our precedent holds that "[a]rguments not squarely presented to the district court are not reviewed on appeal."  *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, --- F.3d ---, 2014 WL 2959066, at *4 (6th Cir. 2014); *cf. United States v. Layne*, 706 F.3d 741, 756 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . .").  This rule "eases appellate review by having the district court first consider the issue [and] ensures fairness to litigants by preventing surprise issues from appearing on appeal."  *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009).  These considerations apply with even greater force to arguments *never* raised by the parties.

Moreover, whether 29 C.F.R. § 2560.503-1 requires a claim-denial letter to state the limitations period for civil actions presents a more difficult issue than the majority

acknowledges, buttressing my view that it errs in interpreting that regulation without the benefit of briefing. True, had Moyer argued that MetLife's claim-denial letter violated § 1133, dicta in *Engleson* suggests that he would "have a colorable ERISA violation." *See Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 618 (6th Cir. 2013). Yet, courts elsewhere split on whether the regulation requires a claim-denial letter to inform a plan participant of *both* their right to bring a civil action *and* the action's limitations period. *Compare Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680 (1st Cir. 2011) (holding that a claim-denial letter must include the limitations period for civil actions) *and Novick v. Metro. Life Ins. Co.*, 764 F. Supp. 2d 653, 660–64 (S.D.N.Y. 2011) (same), *with Heimeshoff v. Hartford Life & Accidental Ins. Co.*, No. 3:10cv1813 (JBA), 2012 WL 171325, at *6–7 (D. Conn. Jan. 20, 2012) (holding that a claim-denial letter complied with the regulation despite omitting the civil action limitations period) *and Koblentz v. UPS Flexible Emp. Benefits Plan*, No. 12-CV-0107-LAB, 2013 WL 4525432, at *4 & n.5 (S.D. Cal. Aug. 23, 2013) (same).

The Fifth Circuit's decision in *McGowan v. New Orleans Employers International Longshoremen's Ass'n*, 538 F. App'x 495 (5th Cir. 2013), did not hold that a claim-denial letter must always include the time limit to bring an ERISA action. Rather, it held that the letter at issue there—which included the appropriate limitations period—"substantially complied" with § 1133 even though it failed to include the time limit for submitting an appeal to the plan administrator. *Id.* at 498. Likewise, the Fourth Circuit noted merely that "[t]he civil action is treated as an integral part of [a full and fair review]" before quoting the regulation. *White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240, 247 n.2 (4th Cir. 2007). And that decision offered no opinion about the requirements of § 1133.

In its validating an unpreserved claim, the majority gives short shrift to the "substantial compliance" test that "[t]his circuit applies . . . to determine whether § 1133's notice requirements have been met." *Wenner v. Sun Life Assurance Co. of Canada*, 482 F.3d 878, 882 (6th Cir. 2007). Under our test, "[i]f the communications between the administrator and participant as a whole fulfill the twin purposes of § 1133, the administrator's decision will be upheld even where the particular communication does not meet those requirements." *Id.* (internal quotation marks omitted). The "twin purposes" of § 1133 are "(1) to notify the

claimant of the *specific* reasons for a claim denial, and (2) to provide the claimant an opportunity to have that decision reviewed *by the fiduciary*." *Id.*; *see also* 29 U.S.C. § 1133.

Had Moyer presented an argument under § 1133, MetLife could have plausibly responded that its correspondence to Moyer, taken as a whole, fulfilled the purposes of § 1133 and substantially complied with its notice requirements despite omitting the limitations period. *See McGowan*, 538 F. App'x at 498 (holding that pension fund substantially complied with ERISA despite failure to include time limit to submit request for review). But the majority deprives MetLife of this opportunity by taking up this issue and ruling in Moyer's favor *sua sponte*, short-circuiting the adversarial process. All this precedes the majority's issuance of a precedential decision on an issue unbriefed by either party.

I would decide the only issue briefed by Moyer and considered by the district court: whether MetLife's failure to disclose the limitations period in the summary plan description violated § 1022 and 29 C.F.R. § 2520.102-2(b), thereby entitling Moyer to equitable tolling. On that issue, I would affirm the district court's well-reasoned opinion.

I respectfully dissent.