[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10825
_____

D.C. Docket No. 4:11-cv-02703-MHH

HARRIET WILSON,

                                                        Plaintiff-Appellant,

versus

THE STANDARD INSURANCE COMPANY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 3, 2015)

Before ED CARNES, Chief Judge, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Harriet Wilson appeals the district court's grant of summary judgment in favor of Standard Insurance Company on her ERISA claim for long term disability benefits. The grant of judgment against her was based on her failure to file her lawsuit within the three-year period prescribed in the disability policy. She filed thirty-four months after that period expired. She contends that the running of the three-year contractual limitations period should be equitably tolled for the thirty-four months that her lawsuit was late because Standard's letter denying her claim did not give her notice that the policy imposed a three-year limitations period instead of the six-year period for contract actions that would otherwise have been borrowed from state law. She argues that the contractual limitations period should be equitably tolled until the date she filed her lawsuit because Standard violated an ERISA regulation that required it to provide in the claim denial letter notice of the time limit for filing a lawsuit.

"ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits. Thus, courts borrow the most closely analogous state limitations period," unless the parties have contractually agreed to a different one in the ERISA plan. Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998). If they have, "[w]e must give effect to [an ERISA] Plan's limitations provision unless we determine either that the period is unreasonably short, or that a 'controlling statute' prevents

2

the limitations provision from taking effect." Heimeshoff v. Hartford Life &

Accident Ins. Co., — U.S. —, 134 S. Ct. 604, 612 (2013).

Neither of those two exceptions applies in this case. The three-year

limitations provision in Wilson's policy is virtually identical to the one the

Supreme Court described as a "common contractual limitations provision" and

upheld as reasonable and enforceable in the Heimeshoff case.[1]  134 S. Ct. at 610.

In light of the Heimeshoff decision, three years is a reasonable limitations period

that can be imposed in a disability policy. And there is no controlling statute to the

contrary.

As Wilson points out, however, the opinion in Heimeshoff left open the

possibility that equitable tolling "may apply," but only "[t]o the extent the

participant has diligently pursued both internal review and judicial review but was

prevented from filing suit by extraordinary circumstances." Id. at 615 (emphasis

---

[1] The limitations provision in this case states:  "No action at law or in equity may be brought . . .  more than three years after the earlier of: 1. The date we receive Proof of Loss; and 2.  The time within which Proof of Loss is required to be given."  The limitations provision in the ERISA policy in Heimeshoff said:  "Legal action cannot be taken against The Hartford . . . [more than] 3 years after the time written proof of loss is required to be furnished according to the terms of the policy."  134 S. Ct. at 609 (quoting policy).  The three-year period was held to be reasonable.  Id. at 612.  And the Court concluded that it did not matter if the administrative review process was ongoing when the limitations period began — even though, as a practical matter, the exhaustion requirement will shorten the limitations period.  Id. at 608.  In the Court's words, "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."  Id. at 610.  (In the present case the limitation period began to run in September 2005, Standard completed its administrative review on January 19, 2007, and Wilson did not file her lawsuit until July 28, 2011.)

3

added).[2]  Despite the Court conditioning the possibility of equitable tolling on the diligent pursuit of judicial review, Wilson argues that we should not even consider whether she was diligent because the claim denial letter she received did not comply with an ERISA regulation, 29 C.F.R. § 2560.503-1(g)(1)(iv), and as a result she did not get the "full and fair review" that she is entitled to under 29 U.S.C. § 1133.

Section 1133, the ERISA "claims procedure" provision, states in pertinent part:  "In accordance with regulations of the Secretary, every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(2) (emphasis added).  Starting with the plain language of the statute as we always do, see, e.g., United States v. Townsend, 630 F.3d 1003, 1010 (11th Cir. 2011), it is plain that § 1133(2) involves only review by the fiduciary — in other words, the administrative review that the ERISA fiduciary conducts.  29 U.S.C. § 1133(2).  Courts are not ERISA fiduciaries, and the statutory provision does not mention courts or judicial review.  It unambiguously applies only to administrative review.

---

[2] By the time it reached the Supreme Court, equitable tolling was not at issue in the Heimeshoff case.  See 134 S. Ct. at 615 n.6.  ("Whether the Court of Appeals properly declined to apply those [equitable] doctrines in this case is not before us.").  Even so, we are paying attention to the dicta about the possibility of equitable tolling.  See Schwab v. Crosby, 451 F.3d 1308, 1325 (11th Cir. 2006) (recognizing that "there is dicta and then there is dicta, and then there is Supreme Court dicta").

4

The ERISA "claims procedure" regulation relating to § 1133 is 29 C.F.R. § 2560.503-1, which provides in pertinent part:

> [T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. . . . The notification shall set forth, in a manner calculated to be understood by the claimant— . . . <u>A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action</u> under section 502(a) of the Act following an adverse benefit determination on review . . . .

29 C.F.R. § 2560.503-1(g)(1)(iv) (emphasis added).

That implementing regulation clearly requires that a claims denial letter include notice about the administrative review procedures and the time limits for filing that apply to those procedures as well as the fact that the claimant has a right to bring a civil action under § 502(a) of ERISA. What is anything but clear, however, is whether the regulation also requires a claims denial letter to include notice about the time limits applicable to filing a civil action. It can be read that way if "including" means that a lawsuit is part of the plan's review procedures, which seems like a strained reading. It can also reasonably be read to mean that notice must be given of the time limits applicable to "the plan's review procedures," and the letter must also inform the claimant of her right to bring a civil action without requiring notice of the time period for doing so.

Faced with that ambiguity, for purposes of this appeal only we will construe the regulation in Wilson's favor and assume that the correct interpretation of it is

5

that a claim denial letter must notify the claimant of her time limit for filing a

lawsuit under ERISA § 502(a).   Even with that assumption in Wilson's favor,

however, it does not follow that Standard's failure to interpret the ambiguous

regulation that way renders the contractual limitations period unenforceable.  We

cannot simply assume unenforceability.  As the Supreme Court has emphasized:

"The principle that contractual limitations provisions ordinarily should be enforced

as written is especially appropriate when enforcing an ERISA plan.  The plan, in

short, is at the center of ERISA."  Heimeshoff, 134 S. Ct. at 611–12 (quotation

marks omitted).[3]

---

[3] The Sixth Circuit has held that 29 C.F.R. § 2560.503-1(g)(1)(iv) requires a claim denial letter to include notice of the contractual limitations period for filing a lawsuit.  Moyer v. Metro. Life Ins. Co., 762 F.3d 503, 504–05 (6th Cir. 2014).  The court mentioned in passing that the claimant was seeking equitable tolling, but its decision that the contractual limitations provision was unenforceable was not based on equitable principles.  See id. at 504, 507.  Instead, the court concluded that a violation of that regulation was a violation of 29 U.S.C. § 1133 that justified the refusal to enforce the contractual limitations provision.  See Moyer, 762 F.3d at 507.

The court held:  "The exclusion of the judicial review time limits from the adverse benefit determination letter was inconsistent with ensuring a fair opportunity for review and rendered the letter not in substantial compliance.  Moreover, a notice that fails to substantially comply with these § 1133 requirements does not trigger a time bar contained within the plan." Id. (alterations and quotation marks omitted).  As its only authority for that proposition, the Sixth Circuit cited a Second Circuit decision that involved the failure to provide notice of time limits for administrative review.  See id. (citing Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 107 (2d Cir. 2003)).

We are not persuaded by the Sixth Circuit's conclusion that a claims administrator's interpretation of the ambiguous § 2560.503-1(g)(1)(iv) not to require notice in the claim denial letter of the contractual time limit for judicial review necessarily amounts to a failure to comply with § 1133 that renders the contractual limitations provision unenforceable.

Under these circumstances, we believe that the contractual limitations period is enforceable unless Wilson can establish that she is entitled to equitable tolling — "a form of extraordinary relief that courts have extended only sparingly." Bhd. of Locomotive Eng'rs & Trainmen v. CSX Transp., Inc., 522 F.3d 1190, 1197 (11th Cir. 2008) (quotation marks omitted). Equitable tolling requires the party invoking it to show both extraordinary circumstances and diligence in pursuing her rights. See, e.g., Motta ex rel. A.M. v. United States, 717 F.3d 840, 846 (11th Cir. 2013) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (quotation marks omitted).

Equitable tolling generally does not apply in the absence of diligence.[4] We have held that there is no equitable tolling when "the plaintiffs had notice sufficient to prompt them to investigate and . . . had they done so diligently, they would have discovered the basis for their claims." Pac. Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1252 (11th Cir. 2001) (quotation marks omitted) (emphasis

---

[4] We have held that a limitations period may be tolled even absent reasonable diligence if the defendant has engaged in fraudulent concealment, see Pac. Harbor Cap., Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1252 (11th Cir. 2001), but the record in this case does not suggest fraudulent concealment. Nor has Wilson shown that there was any intentional concealment that made it difficult or impossible for her to learn about the limitations period in the policy. See Motta, 717 F.3d at 847 ("Without intentional concealment of the appropriate agency or other circumstances that made obtaining the required information truly out of Motta's control, there can be no equitable tolling of the statute of limitations."). To the contrary, Standard's letter denying the claim offered to provide Wilson with a copy of any documents, including the policy, without charge.

7

added).  In the present case, the basis for Wilson's claim was no mystery to

anyone.  In January 2007 Standard sent Wilson a letter stating that her request for

benefits had been denied, the administrative review process was complete, and she

had a right to bring a civil action under ERISA § 502.  Not only that, but the letter

also alerted her to the fact that she could request any documents she might need to

pursue her claim and that Standard would send her copies of them free of charge.

She finally requested a copy of her policy and received it on June 21, 2011, but she

waited until four years after the administrative review process of her denied claim

was complete before requesting it.  She filed this lawsuit nearly three years too

late.

> As the district court aptly observed:
>
> Although [Standard] did not tell Ms. Wilson about the three year time
> limit for filing suit, in January 2007, [Standard] did alert Ms. Wilson
> that it would provide "copies of all documents, records and other
> information relevant to [her] LTD claim" free of charge.  Ms. Wilson
> has not explained why she waited more than four years to request a
> copy of the LTD policy, and she has not demonstrated that [Standard]
> discouraged her from seeking a copy of the policy sooner.  Over the
> course of slightly more than a year, in two separate letters, [Standard]
> told Ms. Wilson that she had the right to file a lawsuit to try to recover
> the benefits that she claimed.  Ms. Wilson did not initiate this action
> until July 28, 2011, approximately 34 months after the three year
> contractual time limit for a lawsuit expired.  The record does not
> support Ms. Wilson's request for equitable tolling of that limitation
> period.

Doc. 19 at 22–23 (third alteration in original).

8

We agree.  A plaintiff is not reasonably diligent when she fails to investigate basic issues that are relevant to her claim or to proceed with it in a reasonably prompt fashion.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457–58 (1990) (explaining that equitable tolling generally cannot be invoked if "the claimant failed to exercise due diligence in preserving his legal rights"); Motta, 717 F.3d at 846–47 (holding that equitable tolling could not apply to the plaintiff's FTCA claim because she was not diligent and her lack of diligence was evidenced by her failure to:  call the FTCA HelpLine, search a website that included a relevant link, or ask for an address before the limitations period ran).  Wilson could have requested a copy of the policy, which was central to her claim, and one of whose terms was the contractual limitations period.  Her lawsuit easily could have been timely filed if she had exercised even minimal diligence in discovering the terms of the policy.

**AFFIRMED.**

JILL PRYOR, Circuit Judge, concurring specially:

I concur in the result only.