JOSEPH BROWN, ADMR. v. JAMES DUSHA.

1. **Furnishing Employe with Vicious Horse to Perform Work without Informing Him of its Dangerous Character Breach of Duty.**

   In an action to recover damages for the death of one who is alleged to have been in the employment of the defendant and to have met his death by the negligence of the defendant, the claimed breach of duty being the furnishing the employe with a vicious horse to drive in the performance of his work, without informing him of its dangerous character, the action is based on the breach of a duty which the master owes to his servant as such, and it is not a duty owing to a mere volunteer.

2. **Finding that Plaintiff was not Employe, and Court's Charge Being Free from Error on Issue Judgment for Defendant Affirmed.**

   Where, in such case, the bill of exceptions contains all of the evidence and would justify a finding by the jury that the deceased was not an employe, and the charge of the court is free from error on that branch of the case, a judgment for the defendant will be affirmed on the authority of **Sites v. Haverstock,** 23 Ohio St. 626, and **McAllister v. Hartzell,** 60 Ohio St. 69, whether error does or does not exist in a matter relating exclusively to another issue.

**3. Inference from General Verdict for Defendant Implies Finding of Nonemployment of Plaintiff as Servant.**

In such an action, where the answer denies that the deceased was an employe and alleges contributory negligence, and the jury returns a general verdict for the defendant, the inference arises that the jury found that the deceased was not an employe.

[Syllabus by the court.]

ERROR.

*A. G. Duer,* for plaintiff in error.

*Friedman, Taylor & Foster,* for defendant in error.

## RICHARDS, J.

In the court of common pleas the plaintiff, Joseph Brown, brought an action as administrator of the estate of Phillip Zielinski to recover damages by reason of the death of Zielinski, alleged to have been caused by the negligence of the defendant. It appears that Zielinski, who was seventeen years of age, was driving a horse and wagon, the property of James Dusha, in the city of Toledo on August 28, 1911, working as a huckster. On the date named Zielinski was kicked in the abdomen by the horse and died soon thereafter. The case was tried to a jury and resulted in a general verdict in favor of the defendant. The petition alleged substantially that the defendant was the owner of a horse and wagon which he used in delivering vegetables and other products as a huckster and that he loaded the wagon on August 28, 1911, with fruit and vegetables and employed Zielinski to drive the horse, which was attached to the wagon, for the purpose of selling and delivering said vegetables and other products to the customers of the defendant. The plaintiff alleges that the horse, as defendant knew, was vicious and dangerous to drive and that it was dangerous for any person to sit on the wagon at the place provided by the defendant, after the wagon was so loaded, and that Zielinski did not know that it was dangerous for him to sit in the place provided for him by the defendant. The petition charges that defendant was aware of Zielinski's ignorance of such fact, failed to inform him or to provide a kicking-strap for the horse and failed to provide Zielinski with a safe place in which to sit while driving the horse.

### Brown v. Dusha.

The defendant in his answer denies that Zielinski was in his employment on the occasion in question, denies all negligence and avers that Zielinski himself was guilty of negligence which directly contributed to his death.

Numerous errors are assigned by the plaintiff, but in the view we take of the case it will not be necessary to consider in detail all of them. It will be seen from the pleadings that there were at least three issues in the case, namely, a denial that Zielinski was on the occasion in question in the employment of Dusha, the negligence of Dusha and the contributory negligence of Zielinski. The verdict, being general in form, amounts to a finding on all the issues in favor of the defendant, Dusha. We are authorized, therefore, to infer that the jury found from the evidence that Zielinski on the occasion in question was not a servant of Dusha. The trial court in the general charge said to the jury in substance that if they found that Zielinski was not at the time a servant of Dusha and was not working for Dusha, then the plaintiff could not recover, and this charge, it is insisted, is such prejudicial error as requires a reversal of the judgment. It is argued on behalf of the plaintiff that the averment of the employment of Zielinski by Dusha is an immaterial allegation, and that other allegations of the petition are sufficient to warrant a judgment in the plaintiff's favor if those allegations are sustained by the evidence.

A careful examination of the allegations of negligence contained in the petition discloses the following: First, that the defendant owned a vicious horse which he used in delivering vegetables and other products, by reason of which it was unsafe to sit on the wagon in the place provided; second, that defendant knew the horse was vicious, or would, by the exercise of ordinary care, have known it, and that the decedent did not know that fact; third, that the defendant failed to inform Zielinski that the horse was vicious or that it was dangerous to sit on the wagon, failed to provide a kicking-strap and failed to provide a safe place to work. Of course, if the jury found from the evidence that Zielinski was not employed, on the occasion in question, by the defendant, then it is clear that the defendant owed him no

duty to give him information of the vicious character of the horse or that it was dangerous to sit on the wagon, and owed him no duty to provide a safe place to work. The whole case, as set forth in the petition and as developed by the evidence offered by the plaintiff, rests on the breach of a duty to use ordinary care for the safety of an employe. The breach of duty which is alleged is the breach of that duty which the defendant owed to Zielinski, if Zielinski were his servant, that is, to inform him that the horse was vicious, that it was unsafe to sit on the wagon in the place provided and the duty to exercise ordinary care to provide a safe place for the servant to work. It will be noted that no application to amend the petition was at any time made, and whatever might be the law, if the petition had been amended in any respect, it is certain that the right of the plaintiff to recover can only be based upon the allegations of negligence as contained in the petition. The duty mentioned is not one owing to a stranger, a mere volunteer. The petition contains no charge of negligently keeping a vicious animal in a public place or in a highway where people were accustomed to pass, as in *Hayes* v. *Smith*, 62 Ohio St. 161 [56 !N. E. Rep. 879], nor does it contain allegations sufficient to bring the case within the rule laid down in *Pennsylvania Ry.* v. *Snyder*, 55 Ohio St. 342 [45 N. E. Rep. 559; 60 Am. St. Rep. 700]. It is simply a case where the pleader charges Dusha with the breach of certain duties which he owed as master to his servant, Zielinski, and therefore it was highly important that the evidence should establish the fact that Zielinski was in truth on this occasion an employe of Dusha. The case is controlled by the same principle that was applied in *Baltimore & O. S. W. Ry.* v. *Cox*, 66 Ohio St. 276 [64 N. E. Rep. 119; 90 Am. St. Rep. 583]. The court in that case, speaking through Shauck, J., say, on page 288: "There being in the present case neither allegation nor evidence that the fatal injuries were inflicted wilfully or intentionally, there can be no recovery unless there existed between the decedent and the company a relation which imposed upon it the duty of exercising care toward him. Although it was alleged in the petition that he was at the time of the accident in the service of the company and traveling on

a freight train in obedience to its orders, the allegation was denied in the answer and refuted by the testimony of the plaintiff herself.''

In the case at bar the allegation ·was denied in the answer and the denial was evidently sustained by the jury in its general verdict in favor of the defendant. The case but illustrates the principle so often announced that in the absence of wilfulness there can be no actionable negligence unless the duty is one which is created by contract or by operation of law. We find no error in the charge of the court upon the matter to which reference has just been made.

The case is one which is peculiarly within the rule applied in *Sites* v. *Haverstock,* 23 Ohio St. 626, and *McAllister* v. *Hartzell,* 60 Ohio St. 69 [53 N. E. Rep. 715]. In the latter case the court say, on page 95, that ''It is settled in this state that in a case where the issues are such that a finding of either in favor of the successful party entitles him to the judgment rendered, the judgment should not be reversed for error in the instructions to the jury relating exclusively to the other issue.'' It is insisted by the plaintiff that the court erred in other portions of the general charge, particularly in the charge relating to contributory negligence, and in failing to charge the jury on the law of comparative negligence in accordance with Secs. 6243 to 6245-1 G. C. It is not necessary to determine whether the sections to which reference has been made are applicable to this case, nor whether the court erred in failing to charge the jury on the law of comparative negligence, for if any such error were committed it would not justify a reversal in view of the law as stated in the cases just cited.

It is further claimed that the trial court erred in failing to grant a new trial on the ground of newly discovered evidence. It is sufficient to say on this subject that the newly discovered evidence set forth in the bill of exceptions is not of such a character as would have required a different verdict, and for that reason it is insufficient as a basis on which to grant a new trial.

Finding no error justifying a reversal, the judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Kinkade, J., I concur in the judgment rendered.

Wildman, J., concur