12-651-cv
*Heimeshoff v. Hartford Life & Accident Ins. Co., WalMart Stores, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges,*
JOHN GLEESON,
*District Judge.*[*]

---

JULIE HEIMESHOFF,

*Plaintiff-Appellant,*

-v.-                                    12-651-cv

HARTFORD LIFE & ACCIDENT INSURANCE CO.,
CONNECTICUT CORPORATION, WALMART STORES,
INC., ARKANSAS CORPORATION AND PLAN
SPONSOR OF THE GROUP LONG TERM DISABILITY
PLAN FOR EMPLOYEES OF WALMART STORES, INC.,

*Defendants-Appellees.*

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:        STEVEN P. KRAFCHICK, Krafchick Law Firm
PLLC, Seattle, WA.

FOR APPELLEES:        PATRICK W. BEGOS, Begos Horgan & Brown
LLP, Southport, CT.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut is **AFFIRMED**.

Julie Heimeshoff appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), granting Appellees' motion to dismiss Appellant's 29 U.S.C. § 1132(a)(1)(B) action challenging Hartford Life & Accident Insurance Company's ("Hartford") denial of long-term disability benefits under ERISA.  The district court dismissed Appellant's claim as untimely because Appellant filed her action outside of the policy-prescribed three-year statute of limitations period.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews *de novo* a district court's grant of a motion to dismiss.  *See Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007).  Section 1132 creates a cause of action

for beneficiaries of an ERISA plan to "recover benefits . . . to enforce [] rights . . . or to clarify [] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA does not contain a specific limitations period for challenging the denial of benefits. *See Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009). Instead, the controlling limitations period is provided by the "most nearly analogous state limitations statute." *See id.*

Appellant makes two arguments for why her claim was not time-barred.

First, Appellant argues that Hartford's contractual limitations period did not begin to run until the final denial of benefits. Here, Connecticut's six-year statute of limitations applicable to contract actions applies, Conn.Gen.Stat. § 52-576, while federal law controls the accrual date of the party's claim. *See Guilbert*, 480 F.3d at 149. Under Connecticut law, parties to an insurance contract may shorten the statute of limitations period to not less than one year. *See* Conn.Gen.Stat. § 38a-290. In this Circuit, a statute of limitations specified by an ERISA plan for bringing a claim under 29 U.S.C. § 1132 may begin

3

to run before a claimant can bring a legal action. *See Burke*, 572 F.3d at 81.

Hartford's plan provided that its three-year limitations period ran from the time that proof of loss was due under the plan. The policy language is unambiguous and it does not offend the statute to have the limitations period begin to run before the claim accrues. *See id.* Appellant filed her claim challenging the denial of long-term disability benefits more than three years after her proof of loss was due. Therefore, Appellant's action is time-barred.

Second, Heimeshoff argues that Hartford was required to disclose the time limits for filing a civil action in its denial of benefits letters pursuant to 29 C.F.R. § 2560.503-1(g)(1)(iv). Appellant contends that Hartford's failure to do so entitles Appellant to equitable tolling of her claim. Appellant relies upon a case from the Southern District of New York to support its claim that the regulation in question requires notice. *See Novick v. Metropolitan Life Ins. Co.*, 764 F. Supp. 2d 653, 660-64 (S.D.N.Y. 2011). We need not address this issue. Appellant's counsel conceded in the district court and at

oral argument that he had received a copy of the plan containing the unambiguous limitations provision long before the three-year period for Appellant to bring the claim had expired.  Thus, Appellant is not entitled to equitable tolling.  *See Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004) ("a plaintiff who has actual knowledge of the right to bring a judicial action challenging the denial of her benefits may not rely on equitable tolling notwithstanding inadequate notice from her pension plan").

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5