**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3535
_____

DR. NEVILLE M. MIRZA, M.D., on assignment of N.G.,
Appellant

v.

INSURANCE ADMINISTRATOR OF AMERICA, INC.;
THE  CHALLENGE PRINTING OF THE CAROLINAS,
INC.; JOHN/JANE DOES 1-10;

ABC CORP. 1-10; ABC PARTNERSHIPS

_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. Civil Action No. 1-12-cv-07370)

District Judge: Honorable Renee M. Bumb

_____

Argued: May 19, 2015

Before: FUENTES, GREENAWAY, JR., and SLOVITER,
*Circuit Judges*

(Opinion Filed: August 26, 2015)

Matthew R. Major, Esq.  **[ARGUED]**
Michael J. Smikun, Esq.
Callagy Law
650 From Road
Suite 565
Paramus, NJ 07652

    *Attorneys for Appellant, Dr. Neville Mirza, M.D., on assignment of N.G.*

Natalie D'Amora, Esq.
Archer & Greiner
1650 Market Street
One Liberty Place, 32nd Floor
Philadelphia, PA 19103

    *Attorneys for Appellee, Insurance Administrator of America, Inc.*

Natalie D'Amora, Esq.
Archer & Greiner
1650 Market Street
One Liberty Place, 32nd Floor
Philadelphia, PA 19103

Mark J. Oberstaedt, Esq.  **[ARGUED]**
Archer & Greiner
One Centennial Square
33 East Euclid Avenue
Haddonfield, NJ 08033

*Attorneys for Appellee, The Challenge Printing of the Carolinas, Inc.*

---

OPINION OF THE COURT

---

FUENTES, *Circuit Judge*.

The regulations implementing the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, provide that when a plan administrator denies a request for benefits, it must set forth a "description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action." 29 C.F.R. § 2560.503-1(g)(1)(iv). The ERISA plan at issue in this case contains a one-year deadline for filing a civil action. Appellant Dr. Neville Mirza received a benefits denial letter advising him of his right to judicial review, but it did not mention the time limit for doing so. The principal question we address is whether plan administrators must inform claimants, of plan-imposed deadlines for judicial review, in their notifications denying benefits. We hold that they must, and that the appropriate remedy for this regulatory violation is to set aside the plan's time limit and apply the limitations period from the most analogous state-law cause of action—here, New Jersey's six-year deadline for breach of contract claims. Because Mirza filed his complaint before the expiration of this six-year limitations period, we vacate and remand for further proceedings.

3

I.

"N.G." is an employee of The Challenge Printing Company of the Carolinas ("Challenge") and a participant in her employer's ERISA plan. The plan documents contain a section on claims procedures, which provides a framework for the submission and review of claims for benefits. If a claimant receives an adverse initial benefit decision, she may appeal that determination through an internal review process. Once the claimant exhausts that process and receives a final decision from the plan administrator, the claimant has one year to bring a legal action for benefits.

In April 2010, N.G. consulted with Dr. Neville Mirza about severe back pain she was experiencing. Mirza diagnosed N.G. with a herniated disc and recommended she undergo an endoscopic discectomy. N.G. agreed to the proposed treatment plan and executed an assignment of benefits form that assigned to Mirza "any and all rights that [N.G.] may have including but not limited to [her] [personal injury protection] carrier for any payment of outstanding medical bills incurred with [Mirza]." App. 174. The parties agree that through this assignment Mirza stepped into the shoes of N.G. for purposes of pursuing any rights the latter might have under ERISA. Mirza performed the procedure on N.G.'s back and submitted a claim for $34,500 to Insurance Administrator of America ("Insurance Administrator"), the company charged with processing claims under Challenge's ERISA plan.

Insurance Administrator first denied the claim on June 2, 2010, explaining that supporting documentation was missing. Mirza submitted additional documents in response

4

to this denial, but the claim was denied again. Mirza worked his way through the internal review process and, on August 12, 2010, he received a letter denying his final appeal. Insurance Administrator found that the medical procedure on N.G.'s back was not a covered benefit because it was medically investigational. At the end of the letter, Insurance Administrator informed Mirza of his "right to bring a civil action under ERISA § 502(a)" if he was not content with this final decision.[1] App. 233. Neither the August 12 letter nor any of the earlier denials mentioned that, under the plan, Mirza had one year from the date of the final benefits denial to seek judicial review. At some point after Mirza received the August 12 letter, he retained the law firm of Callagy Law.

Around the same time that N.G. first visited Mirza in April 2010, she also met with Spine Orthopedics Sports ("Spine"). N.G. likewise assigned her benefits to Spine, which, after providing anesthesia services to N.G., submitted a claim to Insurance Administrator for benefits under the ERISA plan. After Insurance Administrator made only partial payment on the claim, Spine, like Mirza, retained Callagy Law to represent it in the benefits dispute. On November 23, 2010, an employee from Insurance Administrator spoke on the telephone with someone from Callagy Law about Spine's claim for benefits. It is not clear what was said on this phone call. According to Insurance Administrator, its employee read verbatim the plan language about the one-year deadline for filing suit following the final denial of benefits. By Callagy Law's account, the employee from Insurance Administrator said only that "a patient self-

---

[1] Section 502(a) is codified in 29 U.S.C. § 1132(a).

funded plan allows 12 months to appeal." App. 176 (internal quotation marks omitted). Several months later, an attorney from Callagy Law, in connection with its representation of Spine, requested a copy of the ERISA plan documents, which included the time limit for judicial review. Callagy Law received the plan documents on April 11, 2011. While the parties debate the substance of the November 23, 2010 phone call, it is undisputed that the first time either Mirza or Callagy Law received written notice of the one-year deadline was on April 11, 2011.

On March 8, 2012—almost 19 months after he received the August 12, 2010 denial letter—Mirza sued Insurance Administrator for unpaid benefits.[2] Mirza thereafter filed an amended complaint, this time against both Insurance Administrator and Challenge (collectively, "Defendants"), asserting breach of contract (Count One), and claims under 29 U.S.C. § 1132(a) for violating ERISA by improperly denying benefits (Count Two) and for an administrator's failure to supply requested information (Count Three). The District Court granted Defendants' motion to dismiss as to Counts One and Three—neither of which is the subject of this appeal—and denied it as to Count Two. With respect to Count Two, the District Court directed the parties to exchange information on the issue of whether the claim was time-barred in light of the plan's one-year limitations period. Following limited discovery, the District Court converted the motion to dismiss into one for summary judgment and ruled for Defendants.

---

[2] Spine is not a party to this litigation.

The District Court disposed of Mirza's claim for benefits through a three-step analysis. First, it held the plan's one-year deadline for seeking judicial review was enforceable because it was not unreasonable. Next, it observed that, absent equitable tolling, Mirza's suit was time-barred because it was filed more than one year after the final denial of benefits. Finally, the District Court found Mirza was not entitled to equitable tolling because he had notice of the one-year deadline for suing Defendants. Recognizing there was no evidence that Mirza himself was aware of the deadline, the District Court imputed Callagy Law's knowledge to Mirza. In its view, "[Mirza], through his counsel, was on notice of the time limit well in advance of the August 12, 2011 statute of limitations end date. [Mirza's] counsel was notified of the time limit orally on November 23, 2010 and received a copy of the plan on April 11, 2011 in connection with the Spine appeal, which dealt with the *same* patient—N.G.—and *same* plan." *Mirza v. Ins. Adm'r of Am., Inc.*, No. 12-7370, 2013 WL 5642587, at *5 (D.N.J. July 19, 2013). Because it held Mirza had notice of the contractual time limitation, the District Court said it did not need to address Mirza's argument that Defendants violated ERISA by not specifically informing him of the one-year deadline in the August 12 denial letter.[3]

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment and will affirm only if, "viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion, we conclude that

## II.

Our approach to this case proceeds along a different path from that taken by the District Court because we do not find equitable tolling to be an obstacle, or even relevant, to Mirza's claim. Instead, we focus our analysis on the issue the District Court avoided, namely, whether Defendants violated their regulatory obligations by failing to include the plan-imposed one-year time limit for seeking judicial review in the letter denying Mirza's request for benefits.[4] We do so because that issue—and not equitable tolling—controls.

ERISA provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). The statute, however, does not prescribe any limitations period for filing such an action. When a statute does not provide a limitations period for filing a claim, we borrow the statute of limitations from the most analogous state-law claim, which in this case is breach of contract. *See Hahnemann Univ. Hosp. v. All Shore,*

---

a reasonable jury could not rule for the nonmoving party." *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015) (internal citations and quotation marks omitted).

[4] We see no reason to remand to the District Court to decide this issue in the first instance. It is "generally appropriate" for an appellate court to reach the merits of an issue not decided by the district court if "the factual record is developed and the issues provide purely legal questions, upon which an appellate court exercises plenary review." *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998).

*Inc.*, 514 F.3d 300, 305-06 (3d Cir. 2008). The parties agree the default limitations period for Mirza's claim is six years, which is the deadline for filing a breach of contract action under New Jersey law. *See* N.J. Stat. Ann. § 2A:14-1. However, because an ERISA plan is nothing more than a contract, parties may agree to a shorter limitations period so long as the contractual period is not unreasonable. *See Hahnemann Univ.*, 514 F.3d at 306.

The ERISA plan here provides that "no legal action may be commenced or maintained to recover benefits under the Plan more than 12 months after the final review/appeal decision by the Plan Administrator has been rendered." App. 155. Mirza's suit is facially time-barred because he received the final denial letter on August 12, 2010, but he did not file suit until March 8, 2012. Mirza's pursuit of benefits is therefore doomed unless he can persuade us of a reason to toll or set aside the plan's contractual deadline. To that end, Mirza does not claim on appeal that the one-year deadline is unreasonably short. Instead, he first argues that equitable tolling is warranted because he had no actual notice of the one-year deadline for suing Defendants. Mirza points out that the only supposed evidence of notice is that his retained law firm, Callagy Law, in connection with representing another client, Spine, was informed of the contractual limitation on a phone call and received a copy of the plan documents. In those circumstances, Mirza maintains, we cannot attribute Callagy Law's knowledge to him. Second, Mirza urges us to either equitably toll or set aside the one-year deadline for filing suit because Insurance Administrator was required to, but did not, inform him of the time limit for judicial review in its adverse benefit determination. We discuss the second argument first.

## A.

ERISA tasks the Secretary of Labor with promulgating regulations governing the claims procedure process. 29 U.S.C. § 1133. Exercising that authority, the Department of Labor issued extensive regulations setting forth the minimum requirements for plan procedures pertaining to claims for benefits. *See generally* 29 C.F.R. § 2560.503-1. One subsection of those regulations is at the core of this case.

Subsection (g), titled "[m]anner and content of notification of benefit determination," provides that the plan administrator shall provide a claimant with written notification of any adverse benefit determination. *Id.* § 2560.503-1(g)(1). And in those written notifications, the administrator shall set forth a "description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination." *Id.* § 2560.503-1(g)(1)(iv). We must decide whether this regulation requires plan administrators to inform claimants of plan-imposed time limits for bringing civil actions in their adverse benefit determinations. If it does, Defendants violated this provision by not including the plan deadline in the August 12, 2010 letter denying Mirza's benefits.

As with any exercise in statutory interpretation, we begin with the text. The parties, of course, offer competing visions of what this regulation mandates. A claimant's "right to bring a civil action," Mirza says, is one of the "review procedures" for which "time limits" must be disclosed.

Defendants respond that § 2560.503-1(g)(1)(iv) refers to two distinct requirements. The first requirement is based on the text that precedes the comma (i.e., notice of the plan's review procedures and applicable time limits for those procedures), and the second is based on the text that follows (i.e., notice of the right to sue). In other words, Defendants take the position that the notice of the right to sue is in addition to and entirely separate from the notice of the plan's review procedures. As one district court put it, "[t]hat the regulation requires notification of time limits for plan review procedures but says nothing about time limits with respect to civil actions suggests that the [Department of Labor] did not intend to require such a time limit notification in the benefit determination." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, No. 10-1813, 2012 WL 171325, at *6 (D. Conn. Jan. 20, 2012), *aff'd*, 496 F. App'x 129 (2d Cir. 2012), *aff'd*, 134 S. Ct. 604 (2013). This makes sense, Defendants believe, because a civil action seeking remedies under the plan is a separate review process from those contemplated by the internal claims proceedings.

We disagree with Defendants' view and find the plain language of the regulation supports Mirza's construction. For purposes of interpretation, the most important word in the sentence is "including." "[I]ncluding" modifies the word "description," which is followed by a prepositional phrase explaining what must be described—the plan's review procedures and applicable time limits for those procedures. If the description of the review procedures must "includ[e]" a statement concerning civil actions, then civil actions are logically one of the review procedures envisioned by the Department of Labor. And as with any other review

11

procedure, the administrator must disclose the plan's applicable time limits.

Defendants' arguments to the contrary fail to explain how the clause regarding the right to sue fits within the structure of the sentence. The argument that the language speaks to time limits for plan procedures but is silent as to time limits for civil actions reads the word "including" out of the regulation. It also assumes, without explanation, that civil actions cannot be considered plan review procedures. But that interpretation contravenes the text of the regulation. In any case, to the extent § 2560.503-1(g)(1)(iv) is ambiguous, we construe it broadly and in favor of Mirza because ERISA is a remedial statute. *See Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1086 (8th Cir. 2009).

Both Courts of Appeals that have addressed this issue agree with our interpretation of the regulation. *See Moyer v. Metro. Life Ins. Co.*, 762 F.3d 503, 505 (6th Cir. 2014) ("We agree with [claimant] that on the date his revocation letter was sent, it was required to include the time limit for judicial review."); *id.* ("The claimant's right to bring a civil action is expressly included as a part of those procedures for which applicable time limits must be provided."); *Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680 (1st Cir. 2011) ("[Defendant] was required by federal regulation to provide [plaintiff] with notice of his right to bring suit under ERISA, and the time frame for doing so, when it denied his request for benefits."); *id.* at 680 n.7 ("We think it clear that the term 'including' indicates that an ERISA action is considered one of the 'review procedures' and thus notice of the time limit must be provided.").

12

Defendants direct us to two other cases from the Courts of Appeals. *See Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899 (9th Cir. 2009); *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 496 F. App'x 129 (2d Cir. 2012) (unpublished). In *Scharff*, the benefits denial letter mentioned the claimant's right to bring an ERISA action but did not reference the plan's contractual one-year limitations period. 581 F.3d at 902-03. When the plaintiff filed an untimely suit, she did not rely on § 2560.503-1(g)(1)(iv) to excuse delay. Rather, she argued that, by failing to disclose the deadline, the defendant violated the "reasonable expectations doctrine," which, the court explained, has been incorporated into ERISA federal common law. *Id.* at 903-05. The court disagreed, and held that the defendant's disclosures in other documents were sufficient. *Id.* at 906. *Scharff* is not helpful to Defendants here because it was decided under federal common law and the court did not even mention § 2560.503-1(g)(1)(iv), much less interpret it. Similarly, in *Heimeshoff*, an unpublished case, the Second Circuit also did not speak to the meaning of this provision. 496 F. App'x at 130. The plaintiff there urged the court to find that § 2560.503-1(g)(1)(iv) requires the disclosure of time limits for civil actions. But the court said it "need not address this issue" because the plaintiff had notice of the limitation and was therefore not entitled to equitable tolling.[5] *Id.* at 130-31.

---

[5] For reasons explained below, we disagree with the finding in *Heimeshoff* that a claimant's notice of the filing deadline can work to the benefit of a defendant who violates the terms of § 2560.503-1(g)(1)(iv).

In addition to the regulatory text and the relevant decisions from the Courts of Appeals, practical considerations also support our interpretation of the regulation. For starters, this case exemplifies how, were we to endorse Defendants' position, plan administrators could easily hide the ball and obstruct access to the courts. The ERISA plan at issue here is ninety-one pages. The one-year time limit is buried on page seventy-three of the plan. The August 12 letter denying Mirza's final appeal is only five pages. Which is a claimant more likely to read—a ninety-one page description of the entire plan or a five-page letter that just denied thousands of dollars in requested benefits? Furthermore, by not creating a statute of limitations for ERISA actions brought under 29 U.S.C. § 1132(a), Congress, in effect, delegated this authority to plan administrators and fiduciaries to come up with their own deadlines for judicial review. Without the plan-imposed deadline here, we would have applied the New Jersey statute of limitations for breach of contract, and Mirza would have had six years to file suit. The plan substantially narrowed that window, shortening the deadline from six years to one. While this was likely reasonable as a matter of contract law, the Department of Labor obviously thought it important to make sure claimants were aware of these substantially reduced limitations periods. One very simple solution, which imposes a trivial burden on plan administrators, is to require them to inform claimants of deadlines for judicial review in the documents claimants are most likely to actually read— adverse benefit determinations. Section 2560.503-1(g)(1)(iv) does just that.

Defendants offer additional arguments against finding a regulatory violation. They suggest that Mirza's reading of the regulation would put plan administrators in the precarious

14

position of having to provide legal advice to plan participants. Defendants argue that, where an ERISA plan itself does not contain a limitations period, the administrators would have to research the applicable statute of limitations for judicial review, which may vary from state to state and claimant to claimant. These are reasonable concerns, but our holding is narrower than that feared by Defendants. We conclude only that § 2560.503-1(g)(1)(iv) requires written disclosure of plan-imposed time limits on the right to bring a civil action. We express no view on the applicability of this provision to ERISA plans that are silent as to limitations periods and thus borrow from analogous state-law claims.

Defendants argue that ERISA requires only substantial compliance, not strict compliance, and that, at most, any shortcoming in the denial letter was a technical violation of the regulations. We acknowledge courts have found that, as Defendants observe, substantial compliance with ERISA's notice requirements is all that is necessary. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 237 (4th Cir. 2008). We agree with the Sixth Circuit in concluding that the "failure to include the judicial review time limits in the adverse benefit determination letter renders the letter not in substantial compliance with § 1133." *Moyer*, 762 F.3d at 506. One of the purposes of 29 U.S.C. § 1133, which is the statutory foundation for the regulations governing claims procedures, is to provide claimants with adequate information to ensure effective judicial review. *See id.* at 507; *Brown*, 586 F.3d at 1086. The disclosure of a reduced time limitation in a denial letter ensures a fair opportunity to review by making it readily apparent to a claimant that he or

15

she may have only one year—or even much less than that[6]—before the courthouse doors close.

Accordingly, we hold that 29 C.F.R. § 2560.503-1(g)(1)(iv) requires that adverse benefit determinations set forth any plan-imposed time limit for seeking judicial review. Without this time limit, a notification is not in substantial compliance with ERISA. Defendants in this case violated this regulation by not including in the August 12, 2010 denial letter the plan's one-year deadline for bringing a civil action.

B.

According to Defendants, none of our analysis thus far matters. They argue that regardless of whether there is a regulatory violation, there is no basis for equitably tolling the contractual limitation because Mirza was on notice of the one-year filing deadline. The District Court agreed. It found that Mirza's law firm, Callagy Law, was informed of the time limit during a November 2010 phone call and received the plan documents with the deadline in April 2011. Though Callagy Law acquired this information during its representation of another client (Spine), the District Court nonetheless imputed Callagy Law's notice to Mirza.

Assuming Mirza was in fact on notice, Defendants' argument is not without some support. As mentioned earlier, the Second Circuit, in an unpublished opinion, concluded that

_____

[6] *See, e.g.*, *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir. 1998) (finding ninety-day deadline reasonable).

a claimant's delay in filing her ERISA suit could not be saved by the defendant's alleged violation of § 2560.503-1(g)(1)(iv) because she conceded she had a copy of the plan that contained the three-year limitations provision. *See Heimeshoff*, 496 F. App'x at 130-31. Because she had actual notice, she was not entitled to equitable tolling. *Id.* at 131-32. In addition, Defendants attempt to distinguish the two decisions from the Courts of Appeals finding that the disclosure of time limits is required by arguing that the claimants in those cases unambiguously did not have notice of the plan's deadline.[7] In those circumstances, Defendants say, it was appropriate to equitably toll the limitations period. By contrast, Mirza was on notice and there is no similar basis for excusing his untimely filing.

Though we have some doubt as to whether the District Court erred in finding Mirza on notice through his law firm,[8] we need not decide that issue. In our view, the doctrine of equitable tolling should not bear on Mirza's case. If we

---

[7] *Moyer*, 762 F.3d at 505 ("Being unaware of the contractual time limit, [claimant] filed his complaint late."); *Ortega Candelaria*, 661 F.3d at 681 ("It is uncontested that [defendant] never informed [claimant] of the one-year limitation.").

[8] *See Epright v. Envtl. Res. Mgmt., Inc. Health & Welfare Plan*, 81 F.3d 335, 342 (3d Cir. 1996) ("The fact that [plaintiff's] attorney had a copy of the plan, and thus the means to ascertain the proper steps for requesting review, in no way excuses [defendant's] failure to comply with the Department of Labor's regulations.").

allowed plan administrators in these circumstances to respond to untimely suits by arguing that claimants were either on notice of the contractual deadline or otherwise failed to exercise reasonable diligence, plan administrators would have no reason at all to comply with their obligation to include contractual time limits for judicial review in benefit denial letters. Instead, they could almost invariably argue that the contractual deadline was in the plan documents and that claimants are charged with knowledge of this fact. But that approach would render hollow the important disclosure function of § 2560.503-1(g)(1)(iv). As we mentioned earlier, we believe claimants are much more likely to read benefit denial letters than the voluminous descriptions of their entire ERISA plans.

The better course here is to set aside the plan's one-year deadline for filing suit. We have previously found that "[w]hen a letter terminating or denying Plan benefits does not explain the proper steps for pursuing review of the termination or denial, the Plan's time bar for such a review is not triggered." *Epright*, 81 F.3d at 342.[9] Because the denial letter Mirza received on August 12, 2010 did not comply with the regulatory requirements, the one-year deadline for judicial

[9] *See also Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) ("Where a termination letter does not comply with the statutory and regulatory requirements, the time limits for bringing an administrative appeal are not enforced against the claimant."); *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107 (2d Cir. 2003) (same); *White v. Jacobs Eng'g Grp. Long Term Disability Benefit Plan*, 896 F.2d 344, 350 (9th Cir. 1989) (same).

18

review was not triggered.  We will instead borrow the statute of limitations from the most analogous state-law claim, which the parties agree is New Jersey's six-year deadline for breach of contract actions.  *See* N.J. Stat. Ann. § 2A:14-1; *Hahnemann Univ.*, 514 F.3d at 305-06.  Mirza filed his complaint on March 8, 2012, well before the six-year limitations period for breach of contract expired.  Accordingly, the District Court erred by dismissing his suit as untimely.

## III.

For the foregoing reasons, we vacate the order of the District Court and remand for further proceedings consistent with this opinion.